**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marianne B. Briggs<br>                    Debtor | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br><br>                    Movant<br>       vs. | NO. 17-10016 ELF |
| Marianne B. Briggs<br>                    Debtor<br><br>William C. Miller, Esquire<br>                    Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$13,049.85** which breaks down as follows;

Post-Petition Payments:      May 15, 2018 to January 15, 2021 at $395.45/month
**Total Post-Petition Arrears   $13,049.85**

2.      The Debtor(s) shall cure said arrearages through a loan modification upon Debtor's successful completion of the currently approved trial modification, which has trial payments beginning on February 15, 2021.

3.      Beginning on February 15, 2021, Debtor shall make post-petition payments on the fifteenth (15th) of each month in the amount of $228.92 in accordance with the trial modification.

4.      If a permanent modification is obtained, Debtor shall then continue to make regular post-petition payments thereafter, as directed within the modification documents and loan documents.

5.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.    In the event Debtor fails to successfully complete the current trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing, including any differences between the trial payment amount versus the regular post-petition payment of $395.45, and the Debtors may file the necessary motion(s) to amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.    In the event any of the payments listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    January 19, 2021                 By: /s/ Rebecca A. Solarz, Esquire
                                          Attorney for Movant


Date: JANUARY 27, 2020                    Michael C. Latzes
                                          Michael A. Latzes, Esquire
                                          Attorney for Debtor


Date:    January 29, 2021                 /s/ LeRoy W. Etheridge, Esquire, for*     *No objection to
                                          William C. Miller, Esquire                its terms,
                                          Chapter 13 Trustee                        without
                                                                                   prejudice to any
                                                                                   of our rights and
                                                                                   remedies


Approved by the Court this ___ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.


                                          _____
                                          Bankruptcy Judge
                                          Eric L. Frank