United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                    Case No. 17-10016-elf

Marianne B. Briggs                                                                Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Feb 04, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                     regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 06, 2021:**

**Recip ID                 Recipient Name and Address**
db                         +  Marianne B. Briggs, 5125 Lighthouse Lane, Bensalem, PA 19020-4054

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 06, 2021                        Signature:              /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 4, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BARBARA A. MERLIE | on behalf of Creditor Bucks County Tax Claim Bureau gferrante@rudolphclarke.com |
| BARBARA R. MERLIE | on behalf of Creditor Bucks County Tax Claim Bureau BMerlie@rudolphclarke.com |
| MICHAEL A. LATZES | on behalf of Debtor Marianne B. Briggs efiling@mlatzes-law.com |
| REBECCA ANN SOLARZ | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

District/off: 0313-2                                    User: admin                                    Page 2 of 2
Date Rcvd: Feb 04, 2021                                 Form ID: pdf900                                 Total Noticed: 1
TOTAL: 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Marianne B. Briggs<br><br>         Debtor | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br><br>         Movant<br><br>    vs. | NO. 17-10016 ELF |
| Marianne B. Briggs<br><br>         Debtor<br><br>William C. Miller, Esquire<br><br>         Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$13,049.85** which breaks down as follows;

Post-Petition Payments:         May 15, 2018 to January 15, 2021 at $395.45/month
**Total Post-Petition Arrears    $13,049.85**

2.    The Debtor(s) shall cure said arrearages through a loan modification upon Debtor's successful completion of the currently approved trial modification, which has trial payments beginning on February 15, 2021.

3.    Beginning on February 15, 2021, Debtor shall make post-petition payments on the fifteenth (15th) of each month in the amount of $228.92 in accordance with the trial modification.

4.    If a permanent modification is obtained, Debtor shall then continue to make regular post-petition payments thereafter, as directed within the modification documents and loan documents.

5.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.      In the event Debtor fails to successfully complete the current trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing, including any differences between the trial payment amount versus the regular post-petition payment of $395.45, and the Debtors may file the necessary motion(s) to amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.      In the event any of the payments listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 19, 2021                    By: /s/ Rebecca A. Solarz, Esquire
                                             Attorney for Movant

Date: _JANUARY 27, 2020_                     Michael C. Latzes
                                             Michael A. Latzes, Esquire
                                             Attorney for Debtor

Date: _January 29, 2021_                     /s/ LeRoy W. Etheridge, Esquire, for*          *No objection to
                                             _____               its terms,
                                             William C. Miller, Esquire                      without
                                             Chapter 13 Trustee                              prejudice to any
                                                                                             of our rights and
## O R D E R                                                                                 remedies

Approved by the Court this ___ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.

Date:  2/3/21
                                             _____
                                             Bankruptcy Judge
                                             Eric L. Frank